IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ANASS ISMAILI, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|         v. | )   Case No. 1:15cv914 (JCC/MSN) |
| | ) |
| LT. CAMP, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**M E M O R A N D U M   O P I N I O N**

      This matter is before the Court on Anass Ismaili's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition [Dkt. 1].) Petitioner challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE") pending his removal pursuant to a final administrative order. Specifically, Petitioner seeks a declaration that his continued detention awaiting removal violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Fifth Amendment of the U.S. Constitution, and he seeks to be released under an order of supervision. (Petition ¶ 30.) On July 28, 2015, the Court ordered the Government ("Respondents") to respond. [Dkt. 5.] Respondents filed an opposition on September 28, 2015, informing the Court that Petitioner was released from detention under

1

terms of supervision on September 11, 2015. (Mem. in Opp'n [Dkt. 7].) Accordingly, Respondents ask the Court to dismiss the Petition as moot. For the following reasons, the Court will dismiss the Petition.

## I. Standard of Review

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. This jurisdictional limitation precludes federal courts from reviewing cases that are moot. *See United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) ("The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011). It is commonly recognized that a claim may become moot "when the claimant receives the relief he or she sought to obtain through the claim." *Id.*

## II. Analysis

Petitioner seeks to be released "on order of supervision." (Petition ¶ 30.) Petitioner bases his claim to

this relief upon the Supreme Court case of *Zadvydas v. Davis*, 553 U.S. 678 (2001). In *Zadvydas*, the Supreme Court interpreted when ICE may detain a removable alien beyond the initial 90-day removal period defined in the INA. The plain text of the INA permits detention of a removable alien beyond ninety days when the Attorney General determines the alien "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). The Supreme Court found that this language implicitly limits "an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 553 U.S. at 689. To help courts determine what length of detention exceeds this limitation, the Supreme Court adopted six months as a "presumptively reasonable period of detention." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the alien is released pending removal, he shall be subject to specific terms of supervision. *See* 8 U.S.C. § 1231(a)(6); *id.* § 1231(a)(3) (defining terms of supervision).

Petitioner's 90-day removal period began on December 18, 2014, when an Immigration Judge ordered his removal and Petitioner waived appeal. *See id.* § 1231(a)(1)(B) (defining

3

beginning of removal period). After ninety days of detention, ICE gave Petitioner a letter explaining its decision to continue detaining him beyond the initial removal period. (*See* Mar. 15, 2015 Letter [Dkt. 1-2].) On July 16, 2015, after nearly seven months of detention, Petitioner submitted the habeas petition in this matter. About two months later, on September 11, 2015, ICE released Petitioner from custody on an order of supervision. While Petitioner was being detained, ICE Enforcement and Removal Operations attempted to obtain valid travel documents from the Moroccan Consulate, "requesting updates frequently throughout each month." (Decl. Ex. 3 [Dkt. 7-1] ¶ 14.)

Petitioner's release on supervision moots this habeas petition. Petitioner's claim challenged only his continued detention pending removal. He did not challenge the original basis of his removal order, the removal proceedings, or any other issue. Accordingly, his release accomplished the result he sought and this change in circumstances dispels any active case or controversy. Thus, like other courts that have considered similar circumstances in habeas petitions after *Zadvydas*, the Court must dismiss for lack of jurisdiction due to mootness. *See Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (finding that release on supervision mooted appeal because alien "achieved the result he sought in his habeas petition"); *Ishola v. Mukasey*, No. PJM-08-1363, 2008 WL 7697071, at *1 (D.

4

Md. Aug. 12, 2008), *aff'd*, 326 F. App'x 254 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1297 (2010); *see also Elnour v. Crawford*, No. 1:13cv923, 2013 WL 6571828 (JCC/TCB), at *1 (E.D. Va. Dec. 13, 2013) (noting dismissal of habeas petition as moot when alien released from detention under order of supervision).

### III. Conclusion

Because no live case or controversy exists following Petitioner's release from detention, the Court will dismiss the petition as moot.

Petitioner is advised that he may appeal from the judgment entered pursuant to this Memorandum Opinion and accompanying Order by filing a *written* notice of appeal with the Clerk of this Court within sixty (60) days from the date of entry of this judgment. For the reasons reflected above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, also declines to issue a certificate of appealability.

An appropriate order will follow.

/s/
December 21, 2015　　　　　　　　　James C. Cacheris
Alexandria, Virginia　　　　　　　UNITED STATES DISTRICT COURT JUDGE

5